IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:                                          :        CASE NO. 09-02413
                                                :
MODESTO PELUYERA FERNANDEZ                       :
                                                :        CHAPTER 13
                                                :
        Debtor                                  :
                                                :
_____                 :
                                                :
MODESTO PELUYERA FERNANDEZ                       :
                                                :        ADVERSARY NO. 10-00057
        Plaintiff                               :
                                                :
vs.                                             :
                                                :
CITIFINANCIAL, INC. ET ALS.                     :
                                                :
        Defendant                               :
                                                :
_____                 :

OPINION AND ORDER

        This adversary proceeding is before the court upon an order entered on August 25, 2010 (the "Order") directing CitiFinancial (the "Defendant") to show cause within 14 days from the date of the order as to why summary judgment should not be entered sua sponte in favor of Modesto Peluyera Fernandez (the "Debtor" or "Plaintiff") holding that the Defendant's claim is unsecured. (Docket No. 26). The Defendant responded on October 14, 2010 (Docket No. 31) and the Plaintiff opposed the response on October 27, 2010 (Docket No. 32). For the reasons stated herein this court grants sua sponte summary judgment in favor of the Plaintiff.

        On March 30, 2009 the Debtor filed a Chapter 13 bankruptcy petition. On April 7, 2010 the Debtor filed a complaint against the Defendant to determine the validity of a lien over real property located at Calle Los Pinos #104, Sector el Hoyo, Hormigueros, Puerto Rico (the "Los Pinos Property") of which he owns 50% interest. The complaint alleges that on May 2, 2000 the Debtor borrowed $27,500 from the Defendant to be guaranteed by a mortgage deed over the Los Pinos Property. However, the mortgage deed is not inscribed or presented and awaiting inscription before the Registry of Property of Mayaguez. Copy of an official Certification of the Registry dated November 3, 2009 is attached to the complaint. Such Certification confirms that the Los Pinos

Property owned by the Debtor and his wife, is free of liens or encumbrances of any kind, and that nothing is pending recordation.  The Plaintiff seeks the determination that the Defendant's claim is unsecured because the lien over the Los Pinos Property was not perfected as it was not inscribed or pending inscription before the Registry of Property before the filing of the bankruptcy petition.

The answer to the complaint was filed on May 17, 2010.  The order scheduling a pre-trial scheduling conference for June 2, 2010 was entered on May 25, 2010.  The Defendant filed a motion to dismiss on June 1, 2010 (Docket No. 15) which argues that the Debtor failed to state a claim under 11 U.S.C. §506(a) of the Bankruptcy Code because the mortgage deed was presented before the Registry of Property for registration and "... the presentation of a deed of mortgage to the registry of the property in a timely fashion preserves any and all rights to the lien upon the real property" (Docket No. 15, p. 5 citing Tosado v. Banco Popular De P.R. (In re Rios), 420 B.R. 57 (Bankr. D. Puerto Rico 2009).  The Defendant indicates that, "Mr. Pe[l]uyera makes much of the fact that the Property is unencumbered and that it does not appear in the 'certificación' of the Registrar of the Property." (Docket No. 15, p. 5).  In turn, the Plaintiff argues that the Defendant does not have a prepetition property interest in the Los Pinos Property because the mortgage deed is not recorded nor pending recordation before the Mayaguez Property Registry according to the official Certification issued by the Mayaguez Property Registrar, attorney Ramón A. Quiles Díaz, and that a certification issued by the Property Registrar is not a naked assertion but rather the mechanism to ascertain the legal status of any real property in the Commonwealth of Puerto Rico.  Moreover, the Plaintiff alleges that indeed the mortgage deed was presented to the Property Registrar in the year 2000, but a cautionary note was emitted by the Property Registrar on March 31, 2003 which resulted in the withdrawal of the mortgage deed in controversy on May 30, 2003 for correction of the same. However, the Plaintiff alleges that the above referenced mortgage deed was not presented again to the Property Registrar for inscription within the period (60 days) required by Article 69 of the Mortgage Law of Puerto Rico, P.R. Laws Ann. Tit. 30 §2272, necessary to preserve its original seat of presentation and thus, the same expired. The mortgage deed was not presented subsequently to the Property Registrar for recordation (Docket No. 23, pgs. 6-7).

This court denied the motion to dismiss because the mortgage deed must be pending

2

inscription prepetition in order for the Defendant to have a prepetition property interest on Debtor's real property pursuant to both Sections 362(b)(3) and 546(b)(1) of the Bankruptcy Code. See In re Soto Rios, 420 B.R. 57, 69 (Bankr. D.P.R. 2009). The court explained that the certification issued on November 3, 2009 by the Property Registrar of Mayaguez, attorney Ramón A. Quiles Díaz, certifies that there are no registered encumbrances or documents pending inscription. The partial certification issued on June 8, 2010 by the Property Registrar of Mayaguez, attorney Ramón A. Quiles Díaz, also certifies that Debtor's real property does not have any documents pending for recordation. This certification also provides that the mortgage deed in favor of Associates Financial Services Company, Inc. was presented for recordation on August 31, 2000, it was notified as faulty, and was withdrawn on May 30, 2003. A certification from the Property Registrar is a public document that constitutes *prima facie* evidence of the facts contained in the same, unless it is rebutted by other evidence which contradicts such facts. See Pueblo v. Ocean Park Dev. Corp., 73 D.P.R. 360 (P.R. 1952).  In its Order the court directed the Defendant to show cause within fourteen (14) days why summary judgment should not be entered *sua sponte* in favor of Plaintiff holding that its claim is unsecured. See Motta v. Andre (In re Motta), 2010 Bankr. Lexis 2405 (B.A.P. 1st Cir. 2010); Puerto Rico Elec. Power Authority v. Action Refund, 515 F. 3d 57, 64 (1st Cir. 2008); Rijos v. Banco Bilbao Vizcaya (In re Rijos), 263 B.R. 382, 391-392 (B.A.P. 1st Cir. 2001).

In its response to the order to show cause the Defendant concedes that the mortgage deed in question was withdrawn from the Registry of Property, was not presented again, it is not pending registration, and therefore, Citifinancial does not have a perfected lien.  The Defendant argues that they do have an interest in the property because the mortgage deed was duly executed and requests that this court allow them to present their mortgage deed again before the Registry of Property in order to perfect their lien.

Discussion

*Sua Sponte Summary Judgment*

In appropriate circumstances, a district court may enter summary judgment sua sponte. Berkovitz v. Home Box Office, Inc., 89 F.3d 24, 29 (1st Cir.1996) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 326, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)). These appropriate

3

circumstances include that the case presents no genuine issues of material fact. 27A Fed. Proc., L.Ed. § 62:677 (Database Updated November 2010). Furthermore, the trial court may summarily decide a claim on its own initiative if two conditions are met: First, discovery must be "sufficiently advanced that the parties have enjoyed a reasonable opportunity to glean the material facts." Berkovitz, 89 F.3d at 29. Second, the court must first "give [] the targeted party appropriate notice and a chance to present its evidence on the essential elements of the claim or defense." Id. Before granting summary judgment the court must ensure that the requirements of Fed. R. Civ. P. 56(c), entitling the party opposing summary judgment to notice and opportunity to respond are met. 27A F. Proc., L.Ed. § 62:677. In this context, "notice" requires that the nonmovant was given "reason to believe the court might reach the issue and received a fair opportunity to put its best foot forward." Leyva v. On the Beach, Inc., 171 F.3d 717, 720 (1st Cir.1999) (internal quotation marks and citation omitted). "In order for the notice to be adequate must expressly inform the parties that the court is considering the grant of summary judgment, or at least inform them that it is considering disposing of the case on the merits, in order to alert the parties of the need to prepare as they would in opposing a motion for summary judgment." 27A F. Proc., L.Ed. § 62:677. "[T]he notice requirement for sua sponte summary judgment demands at the very least that the parties (1) be made aware of the court's intention to mull such an approach, and (2) be afforded the benefit of the minimum 10-day period mandated by Rule 56." . Stella v. Town of Tewksbury, 4 F.3d 53, 56 (1st Cir.1993).

In this case there are no genuine issues of material fact and the Defendant was given notice of the court's interest to grant summary judgment in favor of the Plaintiff and the reasons therefor.

*Automatic Stay under 11 U.S.C. §362(a)*

The automatic stay provision is one of the fundamental debtor protections in the Bankruptcy Code. It gives the debtor a "breathing spell" from creditors and it stops all collection efforts, all harassment, and all foreclosure actions. H.R. Rep. No. 95-595, 95th Cong. 1st Sess. 340-342 (1977); S. Rep. No. 989, 95th Cong., 2d Sess. 54-55 (1978), reprinted in 1978 U.S.C.C.A.N. 5787, 5840, 6296-97. "It allows the debtor to attempt a repayment or reorganization plan or simply be relieved of the financial pressures that drove him into bankruptcy." Id.

4

The automatic stay specifically includes "any act to create, perfect, or enforce any lien against property of the estate." 11 U. S.C. §362(a)(4).  The automatic stay also prohibits "any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case ..." 11 U.S.C. § 362(a)(5).

It is clear that in this case the automatic stay precludes the Defendant from presenting its mortgage deed before the Registry of Property, post petition, in order to perfect its lien.

*The unrecorded mortgage deed*

The Defendant concedes that its lien was not perfected as it is not recorded or pending registration before the Registry of Property.  Article 188, P.R. Laws Ann. tit. 30, § 2607[1], and Article 1774, P.R. Laws Ann. tit. 31, § 5042[2], make it clear that for a mortgage to be valid it must be recorded.  The Supreme Court of Puerto Rico has made the same determination stating the following:

> We should bear in mind that the security of a personal credit does not constitute a real security--mortgage--until it is entered in the Registry. With regard to this point art. 1774 of our Civil Code provides:

> Besides the requisites mentioned in section 5001 of this title, it is indispensable, in order that the mortgage may be validly constituted, that the instrument in which it is created be entered in the registry of property. 31 L.P.R.A. § 5042.  See also, S. J. Credit, Inc. v. Ramírez, 113 D.P.R. 181 (1982); Gaztambide v. Heirs of Ortiz, 70 P.R.R. 388 (1949); Beiró v. Vázquez, 52 P.R.R. 582 (1938). III-3 Puig Brutau, Fundamentos de derecho civil 61 (1974); J.L. Lacruz Berdejo, F.A. Sancho Rebullida, Derecho inmobiliario registral 131 et seq. (1968), and arts. 155 and 187 of the 1979 Mortgage Law, 30 L.P.R.A. §§ 2551 and 2606.

> This requirement is also present in art. 188 of the new Mortgage Law:

> In order for voluntary mortgages to be validly constituted, it is required:

> First: That they be stipulated in a deed.

> Second: That the document be recorded in the Property Registry. 30 L.P.R.A. § 2607.

---

[1] "In order for voluntary mortgages to be validly constituted, it is required: *First*. - That they be stipulated in a deed. *Second*.- That the document be recorded in the Property Registry." 30 L.P.R.A. § 2607.

[2] "Besides the requisites mentioned in section 5001 of this title, it is indispensable in order that the mortgage may be validly constituted, that the instrument in which it is created be entered in the registry of property."  31 L.P.R.A. § 5042.

Hence, recordation is a constitutive act through which the security produces real effects and becomes operative erga omnes in the sphere of real rights. I Roca Sastre, op. cit., at 199 et seq.; Vol. IV-2, at 668 et seq.; III Puig Brutau, op. cit., at 118 et seq.

Rosario Perez v. Registrador, 15 P.R. Offic. Trans. 664 (P.R.,1984).  The First Circuit Court of Appeals also stated that "under Puerto Rican law recording is essential to the validity of a mortgage, one that is not recorded is a nullity.  In re Las Colinas, Inc., 426 F.2d 1005, 1016 (1st Cir. 1970).

Conclusion

This court concludes that summary judgment on its own initiative may be entered in this case as there are no genuine issues of material fact and the Defendant was given adequate notice of the court's intention to consider the entry of summary judgment and a meaningful opportunity for the Defendant to present its evidence on the essential elements of its defense.  The Defendant concedes that the mortgage deed in question is not registered or pending registration before the Registry of Property.  It is clear that an unrecorded mortgage deed is not valid and the automatic stay provision of the Bankruptcy Code precludes the Defendant from presenting the mortgage deed before the Registry of Property post petition.

In light of the abovestated summary judgment shall be entered in favor of the Plaintiff, concluding that the Defendant's claim Number 4-1 in the amount of $22,718.86 is a general unsecured claim.

SO ORDERED.

In San Juan, Puerto Rico, this 11th day of February 2011.

Enrique S. Lamoutte
United States Bankruptcy Court